25 F.3d 1050
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William BEAVERS, aka Junior Lemons, aka William Bassett,
Defendant-Appellant.
 No. 93-1951.
 United States Court of Appeals, Sixth Circuit.
 May 20, 1994.
 
 Before: RYAN and NORRIS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 William Beavers appeals his judgment of conviction and sentence for distributing cocaine base. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Beavers was tried by a jury and found guilty of one count of distributing cocaine base in violation of 21 U.S.C. Sec. 841(a)(1). He was subsequently sentenced to serve twenty-four months in prison and ordered to pay a special assessment of $50.
 
 
 3
 In a timely appeal from his conviction, Beavers argues that: 1) the district court improperly admitted testimony concerning illegal drug activities occurring in a particular area because it was irrelevant under Fed.R.Evid. 401 and was more prejudicial than probative under Fed.R.Evid. 403; and 2) the district court improperly allowed hearsay statements into evidence which were also more prejudicial than probative under Fed.R.Evid. 403. Neither argument has merit.
 
 
 4
 In support of his first argument, Beavers complains of the testimony given by an undercover Alcohol, Tobacco and Firearms (ATF) agent when he was asked on direct examination why other ATF agents were not in a position to see Beavers sell the cocaine to him. The agent explained that agents could not "get right on top of the investigation" because of the nature of the neighborhood. Included in the agent's characterization of the neighborhood was his opinion that it was an area where drug transactions were common.
 
 
 5
 The testimony was properly admitted. A trial court's evidentiary rulings based on the grounds of relevancy will not be reversed absent a clear showing of abuse of discretion. United States v. Williams, 952 F.2d 1504, 1519 (6th Cir.1991); United States v. Seago, 930 F.2d 482, 494 (6th Cir.1991).
 
 
 6
 The challenged testimony in this case was relevant because it tended to establish the proposition for which it was offered. Fed.R.Evid. 401; United States v. Craft, 407 F.2d 1065, 1069 (6th Cir.1969). The testimony was offered to show why other ATF agents could not testify that they saw Beavers sell the crack to the undercover agent, and their inability to see the transaction had a tendency to affect the agent's credibility. The reference to the neighborhood's drug activity was part of the evidence explaining the investigation, surveillance and events leading up to arrest. The testimony was relevant, and the district court did not abuse its discretion by admitting the undercover agent's testimony into evidence.
 
 
 7
 Beavers also challenges the admission of this testimony on the basis that it was more prejudicial than probative, and thus should have been excluded under Fed.R.Evid. 403. Beavers, however, did not object to the admissibility of the evidence on this basis, and thus this argument was not properly preserved for appellate review. United States v. LeBlanc, 612 F.2d 1012, 1016-17 (6th Cir.), cert. denied, 449 U.S. 849 (1980). The admissibility of this evidence also does not constitute plain error, so as to render it reviewable under the plain error doctrine, as the asserted error does not seriously affect the fairness, integrity or public reputation of the judicial proceedings. See United States v. Olano, 113 S.Ct. 1770, 1777-79 (1993).
 
 
 8
 In support of his second assignment of error, Beavers argues that ATF Special Agent John Griffith was improperly allowed to testify that he had information about the identity of Beavers and the drug activities of other individuals. Beavers's argument centers around the following exchange between ATF Special Agent Griffith and counsel for the government on redirect examination:
 
 
 9
 HOLMAN: Okay. Now, also you said that you knew the defendant. Did you mean that you knew him by appearance or did you mean something else? Can you explain that?
 
 
 10
 GRIFFITH: Yes. I meant that I knew him by appearance. I knew Junior, Mr. Bassett, Mr. Beavers, as our target of the investigation. Now, as far as meeting him personally, no, I never talked to him until, I believe it was November 1st, was the first time I talked to him, but I knew who he was on sight. I was well acquainted with all the targets of the investigation, through the surveillance activity, being in the neighborhood, talking to people in the neighborhood.
 
 
 11
 GLEN: Objection.
 
 
 12
 COURT: Overruled.
 
 
 13
 Beavers's claim is meritless for two reasons. First, the testimony is not hearsay. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(a). Griffith's testimony does not contain any statement, other than the one he is making while testifying. Griffith said that he was acquainted with Beavers through "surveillance activity, being in the neighborhood, [and] talking to people in the neighborhood." He did not say what the people in the neighborhood said about Beavers. Accordingly, no out-of-court statement was offered as evidence and, inasmuch as no hearsay was admitted into evidence, the district court did not abuse its discretion.
 
 
 14
 Second, Beavers's claim that the testimony is more prejudicial than probative is meritless because nothing in this testimony reflects the kind of unfair prejudice contemplated under Fed.R.Evid. 403 to warrant its exclusion. See United States v. Bonds, 12 F.3d 540, 567-68 (6th Cir.1994).
 
 
 15
 Accordingly, the judgment of conviction is hereby affirmed.